# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

CHRISTOPHER J. FEDDER,  :
          :
   Plaintiff,    :
          :
  v.       :  Civ. No. 24-464-GBW
          :
DELAWARE ATTORNEY  :
GENERAL'S OFFICE,   :
          :
   Defendant.   :

---

Christopher J. Fedder, Bear, Delaware – *Pro se* Plaintiff

Joseph Clement Handlon, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware – Counsel for Defendant Delaware Attorney General's Office

## **MEMORANDUM OPINION**

January 28, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.    INTRODUCTION

On April 11, 2024, Plaintiff Christopher J. Fedder initiated this action *pro se* with the filing of the Complaint.  (D.I. 1.)  Now pending before the Court is Defendant Delaware Attorney General's Office's motion to dismiss the Complaint.  (D.I. 4.)  The Court grants Defendant's motion to dismiss for the reasons explained below.

## II.    BACKGROUND

According to the Complaint, on April 16, 2024, in Millsboro, Delaware, Defendant violated Plaintiff's First, Fourth, and Fourteenth Amendment rights by way of libel, defamation of character, illegal search and seizure, malicious prosecution, and denial of equal protection under the law.   (D.I. 1 at 5.)

An incident involving Plaintiff and Jacob Burke occurred on April 15, 2021.  (*Id.* at 6.)   Based on this incident, Defendant prosecuted Plaintiff and Burke was named the victim, even though Plaintiff claimed self-defense due to trespass and attempted assault by Burke, and despite Burke having a criminal history that included burglary, assault with a deadly weapon, terroristic death threats, resisting arrest, eluding law enforcement, driving under the influence, driving under suspension, and trespass.  (*Id.* at 6-7.)   Burke's criminal history was withheld from the jury at Plaintiff's trial.   (*Id.* at 7.)

Burke trespassed on Plaintiff's property and made death threats against Plaintiff, but Defendant did not prosecute Plaintiff for these offenses. (*Id.* at 6.) For example, on July 1, 2021, Burke threatened to crash his truck into Plaintiff's home and set it on fire while Plaintiff was inside, but Burke was not prosecuted for these threats. (*Id.* at 6-7.) Then, on October 5, 2021, Burke violated a no contact and no trespass order, and the terms of his parole, by driving onto Plaintiff's property before 8:00 AM, parking near Plaintiff's bedroom window, pointing inside, and knocking on the door. (*Id.* at 7.) Initially, Burke was criminally charged for his conduct on October 5, 2021, but the charges were later dropped. (*Id.*)

Based on the foregoing, the Complaint alleges that Defendant acted as an accomplice to Burke and, in so doing, violated Plaintiff's right to privacy, subjected Plaintiff to cruel and unusual punishment, and denied Plaintiff equal protection under the law. (*Id.* at 7-8.) The Complaint further alleges that, by not holding Burke accountable, Defendant failed to uphold the law and protect the citizens of Sussex County. (*Id.* at 8.) The Complaint asserts that Burke's death threats and acts of trespass have damaged Plaintiff emotionally, as well as financially, by preventing Plaintiff from renting out his home, which has cost Plaintiff approximately $3,000.00 per month in rental income. (*Id.*) The Complaint seeks relief in the form of compensatory money damages in the amount of $111,000 for

2

loss of rental income and attorney's fees, as well as "punitive damages for emotional distress and defamation of character."    (*Id.* at 10.)

## III.    LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint."  *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).  A complaint may not be dismissed, however, "for imperfect statement of the legal

theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV.    DISCUSSION

As a threshold matter, the claims raised in the Complaint appear to be time-barred, and dismissal is warranted on that basis. The Court construes the First, Fourth, and Fourteenth Amendment claims stated in the Complaint as arising under 42 U.S.C. § 1983, which gives individuals a right to sue state actors who deprive a person "of any rights, privileges, or immunities secured by the Constitution and laws." Claims brought under § 1983 are subject to the statute of limitations for personal injury actions in the state in which the suit is brought. *See O'Connor v. City of Newark*, 440 F.3d 125, 126–27 (3d Cir. 2006). In Delaware, absent tolling, the statute of limitations for personal injury claims is two years from the date the

4

cause of action accrued.    *See* 10 Del. C. § 8119; *Smith v. Delaware*, 236 F. Supp.

3d 882, 888 (D. Del. 2017) (citations omitted).    Accrual of a cause of action under

§ 1983 begins when a plaintiff "knew or should have known of the injury upon which

its action is based."    *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d

Cir. 1998).

No factual allegations included in the Complaint occurred within the two-year

period that preceded the filing of the Complaint, and the record presents no basis for

tolling the statute of limitations.    The Court cannot credit the initially alleged April

16, 2024 date of occurrence (D.I. 1 at 4), as this date had not yet passed when

Plaintiff filed the Complaint, rendering this allegation implausible, *see Iqbal*, 556

U.S. 662, 678 (2009).    All other facts alleged in the Complaint occurred in 2021.

(*See* D.I. 1 at 6-7.)    The statute of limitations for § 1983 claims arising from these

allegations expired between April 2023 and October 2023—between six months and

one year before the Complaint was filed—rendering all of Plaintiff's claims time-

barred.

Furthermore, Defendant rightly asserts that the Eleventh Amendment

proscribes Plaintiff's suit against Defendant, as an office of the State of Delaware.

(D.I. 4 at 1-2.)    *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-

01 (1984).    "Absent a state's consent, the Eleventh Amendment bars a civil rights

suit in federal court that names the state as a defendant."    *Laskaris v. Thornburgh*,

661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)).   The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment.   *See Jones v. Attorney Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018) (per curiam).   Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *Alston v. Admin. Offs. of Delaware Cts.*, 178 F. Supp. 3d 222, 229 (D. Del.), aff'd, 663 F. App'x 105 (3d Cir. 2016).   Further, a state agency "is not a person" subject to claims under 42 U.S.C. § 1983.   *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).   As such, this case cannot proceed based on § 1983 claims against Defendant.   *See Whitfield v. Wilmington Police Dep't*, 2006 WL 3827449, at *2 (D. Del. Nov. 16, 2006) (dismissing claim against Delaware Attorney General's Office without opportunity to amend based on Eleventh Amendment immunity).

## V.   CONCLUSION

For the reasons discussed above, the Court grants Defendant's motion to dismiss for failure to state a claim upon which relief can be granted.   (D.I. 4.) Plaintiff's claims are time-barred, and the Eleventh Amendment proscribes this suit against Defendant.   Accordingly, the Complaint (D.I. 1) will be dismissed, and this case will be closed.

An appropriate Order will be entered.